1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11     LUCIOUS WILSON,                        No.  2:23-CV-0977-DMC-P

12              Plaintiff,

13       v.                                    ORDER

14     RAMOS, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18     42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

19              The Court is required to screen complaints brought by prisoners seeking relief

20     against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21     § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22     malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23     from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24     the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25     statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26     means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27     1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28     complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1    rests.  See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2    with at least some degree of particularity overt acts by specific defendants which support the

3    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4    impossible for the Court to conduct the screening required by law when the allegations are vague

5    and conclusory.

6

7                   **I.  PLAINTIFF'S ALLEGATIONS**

8          This action proceeds on Plaintiff's original complaint.  <u>See</u> ECF No. 1.  Plaintiff

9    names the following as defendants: (1) A. Ramos, correctional officer; (2) B. Singh, correctional

10   officer; (3) R. Duran, correctional officer; and (4) Cueva, warden.  <u>See</u> <u>id.</u> at 2.

11          Plaintiff alleges that, while in his cell at the California Medical Facility on the

12   night of April 19, 2023, he began experiencing mania due to his bipolar disorder.  <u>Id.</u> at 3.  He felt

13   distressed and heard homicidal and suicidal voices.  <u>Id.</u>  Wilson asked correctional officers to see a

14   mental health doctor.  <u>Id.</u>  He also said he did not want to leave his cell because he did not feel

15   safe around people.  <u>Id.</u>  Wilson then put paper in the window of the cell to obstruct the vision of

16   those taunting him.  <u>Id.</u>

17          Corrections Officer (CO) Ramos told Wilson that he was going to get some people

18   and to not take down the paper.  <u>Id.</u> Correction officers commonly "beat the hell out of" anyone

19   who puts up paper in a cell window and refuses to take it down.  <u>Id.</u>  Corrections officers arrived

20   then ran into Wilson's cell to extract Wilson.  <u>Id.</u> at 3, 5. The officers attacked Wilson, who

21   defended himself.  <u>Id.</u> at 3. During the encounter, CO Singh and CO Duran used their batons to

22   repeatedly strike Wilson's head.  <u>Id.</u> Wilson suffered lacerations to his face and skull.  <u>Id.</u>

23          Wilson claims that CO Ramos made a threat, refused Wilson medical and mental

24   health services, and incited the cell extraction altercation.  <u>Id.</u> at 3-6.  Wilson claims that Ramos

25   as well as CO Singh and CO Duran used excessive force when using their batons during the cell

26   extraction.  <u>Id.</u> at 4.  Wilson names Warden Cueva as a defendant but makes no direct claims. <u>See</u>

27   <u>id.</u> at 4.

28   / / /

Wilson also lists Emmanuel Wilson and Evelia Castanon as plaintiffs and alleges they have suffered mental anguish out of concern for Plaintiff's safety.  See id. at 1, 3, 5. Because Plaintiff is proceeding pro se, he may not proceed as counsel on behalf of any other individual plaintiffs, see Simon v. Hartford Life, Inc., 546 F.3d 661, 664, 664 n.6 (9th Cir. 2008), and neither Emmanuel Wilson or Evelia Castanon have separately signed the complaint as additional plaintiffs.

## II.  DISCUSSION

Plaintiff raises several claims against the various defendants, all of which arise under the Eighth Amendment.  The Court finds that Plaintiff has stated a cognizable excessive force claim against Ramos, Singh, and Duran arising from the cell extraction.  For the reasons discussed below, however, the Court finds that Plaintiff fails to state a claim based on threats by Defendant Ramos.  The Court also finds that Plaintiff fails to state a cognizable claim against Ramos based on the alleged failure to provide medical treatment.  Finally, Plaintiff fails to allege sufficient facts to establish supervisory liability as to Defendant Cueva, the prison Warden.

### A.    Eighth Amendment Claims

Plaintiff's complaint appears to assert an Eighth Amendment claim against Ramos based on threats, an Eighth Amendment claim against Ramos based on failure to provide medical treatment, as well as Eighth Amendment claims against Singh and Duran arising from the cell extraction.  For the reasons discussed below, the Court finds these claims defective and will provide Plaintiff an opportunity to amend.

In general, the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide

1  prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint

2  v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth

3  Amendment only when two requirements are met: (1) objectively, the official's act or omission

4  must be so serious such that it results in the denial of the minimal civilized measure of life's

5  necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly

6  for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth

7  Amendment, a prison official must have a "sufficiently culpable mind."  See id.

8           1.       Threats by Ramos

9           "[V]erbal harassment or abuse . . . [alone] is not sufficient to state a constitutional

10  deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830F.2d 136, 139 (9th Cir. 1987)

11  (citation and internal quotation omitted); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th

12  Cir. 2004) (explaining that "the Eighth Amendment's protections do not necessarily extend to

13  mere verbal sexual harassment."); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997),

14  abrogated on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Keenan

15  v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). "A mere

16  threat may not state a cause of action" under the Eighth Amendment, even if it is a threat against

17  exercising the right of access to the courts. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per

18  curiam); see also Corales v. Bennett, 567 F.3d 554, 564-65 (9th Cir. 2009). Verbal harassment

19  intended to humiliate or endanger the inmate, however, may violate the Constitution. See Somers

20  v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997); Keenan, 83 F.3d at 1092; Valandingham v.

21  Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989).

22           Ramos told Wilson that he was going to "get some people" and to not take down

23  the paper obstructing the cell window.  ECF No. 1 at 3. According to Wilson, the custom was for

24  corrections officers to beat up prisoners who left up paper obstructing vision into cells.  Id.

25  Wilson argues that CO Ramos' comments constituted a threat because CO Ramos was implying

26  that he was going to get some other correctional officers to attack Wilson.  Id.

27  / / /

28  / / /

4

Even if CO Ramos' words constituted a threat, words alone are insufficient to maintain a claim under § 1983. Oltarzewski v. Ruggiero, 830F.2d 136, 139 (9th Cir. 1987). To the extent actions resulted from Ramos' words, those actions are addressed within Wilson's claim of excessive force addressed below.

2.     Ramos' Failure to Provide Medical Treatment

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

5

1    Negligence in diagnosing or treating a medical condition does not, however, give

2    rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

3    difference of opinion between the prisoner and medical providers concerning the appropriate

4    course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

5    90 F.3d 330, 332 (9th Cir. 1996).

6    Plaintiff alleges that he requested medical assistance for his mania.  See ECF No. 1

7    at 3.  According to Plaintiff, he was having homicidal and suicidal thoughts, which are serious

8    concerns justifying his request.  See id.  However, the facts alleged indicate that Wilson

9    obstructed his own access to medical treatment by refusing to cooperate with correctional

10   officers.  Id.  When asked to leave his cell — potentially so that he may receive the requested

11   assistance — Wilson refused.  See id.  These facts are not sufficient to show Ramos acted

12   unnecessarily and wantonly for the purpose of inflicting harm.  They show instead that Wilson's

13   own actions disrupted medical assistance.  Unless amended to show that Ramos denied medical

14   assistance unnecessarily and wantonly for the purpose of inflicting harm, this claim cannot

15   survive.

16           3.       Excessive Force by Ramos, Duran, and Singh

17   When prison officials stand accused of using excessive force, the core judicial

18   inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline,

19   or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992);

20   Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as

21   opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims,

22   is applied to excessive force claims because prison officials generally do not have time to reflect

23   on their actions in the face of risk of injury to inmates or prison employees.  See Whitley, 475

24   U.S. at 320-21.  In determining whether force was excessive, the court considers the following

25   factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship

26   between the need for force and the amount of force used; (4) the nature of the threat reasonably

27   perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.

28   See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force

6

was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at 7-9.  Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials.  See Whitley, 475 U.S. at 321-22.

Wilson alleges that Ramos incited the excessive force through making his threat and through gathering other correctional officers.  See ECF No. 1 at 4.  During the cell extraction, Duran and Singh used their batons to strike Wilson's head.  Id.  Wilson defended himself, though the complaint does not detail how he defended himself. Id. at 3.  Plaintiff claims he suffered lacerations to his face and skull.  Id.  The Court finds these allegations sufficient to state an excessive force claim against Ramos, Singh, and Duran arising from the cell extraction.

### B.     Supervisory Liability of Defendant Cueva

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

7

civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676. Those claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).

Warden Cueva is not named anywhere in the complaint other than as a defendant. See ECF No. 1 at 1.  Warden Cueva's supervisory status alone does not make him liable under § 1983.  The complaint alleges correctional officers at the facility habitually beat up any prisoner who blocks their cell window with paper and refuses to take it down when requested.  Id. at 3. Even if the described conduct is unconstitutional, there is no allegation that the conduct is a result of a policy implemented by Warden Cueva.  And because there is also no allegation that Warden Cueva personally participated, the claims against him are currently not cognizable.  Plaintiff will be provided leave to amend.

## III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1    Because the complaint appears to otherwise state cognizable claims, if no amended

2  complaint is filed within the time allowed therefor, the Court will issue findings and

3  recommendations that the claims identified herein as defective be dismissed, as well as such

4  further orders as are necessary for service of process as to the cognizable claims.

5    Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended

6  complaint within 30 days of the date of service of this order.

7

8  Dated:  July 24, 2023

9    _____

10    DENNIS M. COTA
    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9