IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIOUS WILSON,<br><br>             Plaintiff,<br><br>     v.<br><br>RAMOS, et al.,<br><br>             Defendants. | No. 2:23-CV-0977-DC-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 37. Defendants have filed an opposition, ECF No. 38.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues that the appointment of counsel is warranted because he lacks legal expertise. See ECF No. 37. This is not an exceptional circumstance. Further, a review of Plaintiff's filings reflects that he is able to adequately represent himself. Additionally, the excessive force claim involved in this case is neither factually nor legally complex. Finally, though the Court has recommended denial of Defendants' motion for summary judgment because there appears to be genuine disputes as to material facts, this is not to say that Plaintiff has a likelihood of success on the merits of his claims at trial. Therefore, having balanced the Terrell factors described above, Plaintiff's motion will be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 37, is denied.

Dated: August 15, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE